**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| STACEY WARREN BRACKENS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3743 |
| | § | |
| ANDREA WOODS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING MOTION TO DISMISS**

The defendants, Andrea Woods, an employee of the Arapahoe County Department of Human Services, and the Social Services of Aurora, Colorado/DHS, properly identified as the Arapahoe County Department of Human Services, an agency of the County of Arapahoe, Colorado ("ACDHS"), have moved to dismiss the complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction over the defendants, and failure to state a claim. Based on a careful review of the complaint and the governing law, the court concludes that the complaint is legally and factually flawed and cannot proceed. It is dismissed, for the reasons explained in more detail below.

**I.    The Parties**

Andrea Woods is a child-protection caseworker employed by the Arapahoe County Department of Human Services in Aurora, Colorado. The Arapahoe County Department of Human Services is an agency of the County of Arapahoe, a political subdivision of the State of Colorado. Stacy Brackens is a resident of Texas. He seeks declaratory and injunctive relief against Woods and ACDHS, including an order directing them to allow him to see and talk to his three children.

Brackens alleges that the defendants hate him, favor his wife, contributed to his wife's decision to leave him, and helped turn his children against him.

One summons was sent via certified mail addressed to "Mrs. Andrea Woods" at 14980 E. Alameda, Aurora, Colorado, and delivered to the "mail room at DHS" on February 4, 2014. (ECF Doc. #8 at p. 2, Domestic Return Receipt).[1] "14980 E. Alameda, Aurora, Colorado" is the physical location and mailing address for the offices of the Arapahoe County Department of Human Services. *See* http://www.co.arapahoe.co.us. The return receipt does not have a signed or printed name for Andrea Woods. (Ex. 1, Woods Aff. ¶ 13).

The second summons was sent by certified mail addressed to "Dept of Human Services" at the same address. It was delivered to the "mail room at DHS" on February 4, 2014. There is no indication of who signed the mail receipt. (ECF Doc. #7).

Brackens claims that the defendants are trying to kill him, purportedly by having doctors, nurses, and dialysis treatment centers "spike" the dialysis bags he uses to treat his kidney disease. "Mrs. Woods has followed the plaintiff, Mr. Brackens, from state to state and city to city through his Medicare and his dialysis, getting his centers and kidney doctors to order the putting of unknown substances in his Peritoneal Bags." (Docket Entry No. 1, p. 2). Brackens additionally claims that his medical treatment providers left him "totally impotent," all as part of "the plan for Mr. Brackens, by the nurses and set up, and put in to motion by Mrs. Woods." *Id*. at 3.

Brackens has filed other similar complaints in the past. *See Stacey Warren Brackens v. Social Services of Colorado/DHS, et al*., Case No. 6:11-cv-574-Orl-35KRS (M.D. Fla. 2011),

---

[1] The proof of service filed on February 14, 2014 states that service was made on "2/14/14," but the return receipt indicates delivery on "2/4."

attached to the present complaint at Doc. #1-1, #1-2 and #1-3, pp. 1-42. Brackens claims that Woods and DHS have had him fired from jobs and evicted from his housing in Florida, attempted to kill him on two earlier occasions, that Woods asked medical staff in Key West, Florida to take Brackens's life and that she "solicited staff at the Homestead Dialysis Center in Homestead, Florida, to give him a "flue [sic] shot that poisoned him and contained a sky blue substance that in four days caused the plaintiff to become very sick." *Id*. at #1-2, p. 27. The Florida action was dismissed without prejudice on June 29, 2011, for lack of subject-matter jurisdiction and failure to state a claim. The Florida court described Brackens's complaint as largely incomprehensible and frivolous.

## II.     Subject-Matter Jurisdiction

Brackens invokes subject-matter jurisdiction based on diversity under 28 U.S.C. § 1332. His complaint does not allege compensatory damages, only declaratory and injunctive relief. There is no basis to conclude that the minimum amount of value threshold for the exercise of diversity jurisdiction has been satisfied. Jurisdiction under § 1332 fails.

The complaint allegations are so incomprehensible and bizarre as to be delusional. Dismissal is warranted on that basis as well. *See, e.g.*, *Stratton v. Mecklenburg Cnty. Dep't of Social Servs.*, 521 F. App'x 278, 289 (4th Cir. 2013) (dismissing federal civil rights complaint asserting bizarre and fantastical allegations against department of social services, caseworkers and others arising from state court proceedings terminating plaintiffs' parental rights) (citing *Hogans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Delusional allegations in successive suits support the conclusion that amendments would be futile and that the dismissal should be without leave to amend.

**III.     Lack of Personal Jurisdiction**

The Federal Rules of Civil Procedure do not authorize service of a summons or complaint on an individual such as Woods or on a local government entity such as Arapahoe County by certified mail unless that method of service is allowed by relevant state law. FED. R. CIV. P. 4(e)(1).

Certified mail may not be used to serve process on an individual in a non-in rem action under the Colorado Rules of Civil Procedure. *See* C.R.C.P. 4(e)(1). Texas law does permit such service, including on nonresident defendants, TEX. R. CIV. P. 106, but Texas law does not permit service of process on individuals at their place of employment, except on motion supported by affidavit. TEX. R. CIV. P. 106(b). Both are missing from the service on Woods.

Colorado law does not allow service of process on a local government by certified mail. The certified mail delivered to the ACDHS mail room was ineffective. Colorado law requires that service of process on a county agency be delivered to the county clerk, chief deputy, or a county commissioner. C.R.C.P. 4(e)(7). The return here does not show valid service on ACDHS.

Additionally Texas law does not permit a plaintiff like Brackens to personally serve process on a defendant. *Lechner v. Citimortgage, Inc.*, No. 4:09-CV-302-Y, 2009 WL 2356142, at *2 (N.D. Tex. July 29, 2009) (citing TEX. R. CIV. P. 103). The absence of the defendants' signatures on the return receipts also makes them ineffective. *Ayika v. Sutton*, 378 F.App'x 432, 435 (5th Cir. 2010) (failure of return to show signature of addressee renders service ineffective) (citing TEX. R. CIV. P. 107(c)).

Besides the problems with service, personal jurisdiction over the defendants in this action does not satisfy due process. There is no basis to find that Woods or ACDHS have minimum contacts with Texas that could support several or specific jurisdiction. (Docket Entry No. 11, Ex.

1, Woods Aff.; Ex. 2, Crane Aff.). The complaint must be dismissed for lack of personal jurisdiction as well.

## IV.     Failure to State a Claim and Dismissal under § 1915e

A federal court may dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915 that is factually or legally frivolous. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). This includes allegations that are fanciful, fantastic, or delusional. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *United States v. Ajaegbu*, 165 F.3d 24, at *3 (5th Cir. 1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). The complaint at issue, like previous suits Brackens has filed, is dismissed on this basis as well.

## V.     Conclusion

This case is dismissed by separate order. The initial pretrial conference is cancelled. Brackens's motions for postage and phone conference hearing are denied. (Docket Entries Nos. 4, 6). The defendants' motion to dismiss is granted. (Docket Entry No. 11).

SIGNED on March 26, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge